**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **OTHINEL JARETTE ALLEYNE,** | : | **No. 3:13cv889** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **CAROLYN W. COLVIN,[1]** | : | |
| **Acting Commissioner** | : | |
| **of Social Security Administration,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## <u>MEMORANDUM</u>

Before the court is Magistrate Judge Schwab's report and recommendation (hereinafter "R&R"). The R&R recommends affirming the Defendant Commissioner of Social Security Administration's decision denying Plaintiff Othinel J. Alleyne's (hereinafter "plaintiff") application for disability insurance benefits. Plaintiff filed objections to the R&R, and they are ripe for disposition.

---

[1] When plaintiff filed this action, Michael J. Astrue was the Commissioner of Social Security. Accordingly, plaintiff named him as the defendant in his official capacity. Since then, however, Astrue left his position as Commissioner. Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. <u>See</u> OFFICIAL SOCIAL SECURITY WEBSITE, http://www.socialsecurity.gov/pressoffice/factsheets/colvin.htm (last accessed Oct. 2, 2014). Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.")

**Background**

Plaintiff was born on July 21, 1946 and worked as a mail room supervisor at a New York City law firm from 1989 though 2009.  (Doc. 8, Administrative Record (hereinafter "R.") at 42, 33-35, 127, 164-66).  In 2005, plaintiff moved to Tobyhanna, Pennsylvania, but continued working in New York City.  (R. at 34).  To get to work, plaintiff rode a bus from Tobyhanna to New York City–a 2½ to 3½ hour bus ride.  (R. at 33-35).

Plaintiff testified that he has lower back pain, which progressed to the point that he could no longer work.  (R. at 31-32, 99, 247-48, 250, 258).  He also reported that he injured his left knee at work in July 2007. (R. at 99, 193).  An MRI revealed a medial meniscus tear, which plaintiff had surgically repaired in December 2007.  (R. at 99, 271-72).  After completing postoperative physical therapy, plaintiff resumed work in December 2008 and was placed on light duty.  (R. at 37, 99).  Plaintiff remained on light duty until December 2009, when he and several coworkers accepted an early retirement package.  (R. at 33-35, 45).

Plaintiff filed for disability insurance benefits on March 16, 2010, claiming disability due to knee and lower back pain.  (R. at 95).  Plaintiff's claim was initially denied on September 22, 2010, and plaintiff requested a hearing by an Administrative Law Judge (hereinafter "ALJ") (Id.)  The ALJ

2

convened a hearing on November 1, 2011, at which plaintiff appeared and testified.  (Id.)  In a decision issued December 13, 2011, the ALJ denied plaintiff's claim, finding that plaintiff was not "disabled" and thus not entitled to benefits.  (R. at 102).

Plaintiff requested the Appeals Council review the ALJ's decision on December 21, 2011.  (R. at 191-92).  While plaintiff's case was pending with the Appeals Council, plaintiff submitted new evidence that his previously non-severe impairment of smoldering multiple myeloma had increased in severity, and that plaintiff began chemotherapy treatments shortly after the ALJ issued her decision.  (R. at 7-14, 273-89).  The Appeals Council reviewed plaintiff's new evidence and determined that it did not provide a basis for changing the ALJ's decision.  (R. at 2).  As such, the Appeals Council denied review on February 22, 2013.  (R. at 1-4).  Plaintiff initiated the instant appeal on April 8, 2013.  (Doc. 1).

**Jurisdiction**

The court has federal question jurisdiction over this Social Security Administration appeal.  See 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final

determinations under section 405 of this title."); <u>see</u> <u>also</u> 42 U.S.C.
§ 405(g) ("Any individual, after any final decision of the Commissioner of
Social Security made after a hearing to which he was a party, irrespective
of the amount in controversy, may obtain a review of such decision by a
civil action commenced within sixty days after the mailing to him of notice
of such decision or within such further time as the Commissioner of Social
Security may allow.  Such action shall be brought in the district court of
the United States for the judicial district in which the plaintiff resides, or
has his principal place of business . . . .").

**Standard of Review**

In disposing of objections to a magistrate judge's report and
recommendation, the district court must make a *de novo* determination of
those portions of the report against which objections are made.  28 U.S.C.
§ 636(b)(1)(c); <u>see also</u> <u>Sullivan v. Cuyler</u>, 723 F.2d 1077, 1085 (3d Cir.
1983). The court may accept, reject, or modify, in whole or in part, the
findings or recommendations made by the magistrate judge.  <u>Henderson
v. Carlson</u>, 812 F.2d 874, 877 (3d Cir. 1987).  The district court judge may
also receive further evidence or recommit the matter to the magistrate
judge with instructions.  <u>Id.</u>

In reviewing a Social Security appeal, this court must determine

whether "substantial evidence" supports the ALJ's decision.  See, 42

U.S.C. § 405(g); Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d

Cir. 2012); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).  The

United States Supreme Court has defined "substantial evidence" as "such

relevant evidence as a reasonable mind might accept as adequate to

support a conclusion."  Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620

(1966).  The Third Circuit Court of Appeals has explained that "substantial

evidence has been defined as 'more than a mere scintilla'; it means 'such

relevant evidence as a reasonable mind might accept as adequate.'"

Hagans, 694 F.3d at 292 (quoting Plummer, 186 F.3d at 427).

The court should not reverse the Commissioner's findings merely

because evidence may exist to support the opposite conclusion.  See 42

U.S.C. § 405(g); Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005)

(stating that courts may not weigh the evidence or substitute its own

conclusion for those of the fact-finder);  Fargnoli v. Massanari, 247 F.3d

34, 38 (3d Cir. 2001) (indicating that when the ALJ's findings of fact are

supported by substantial evidence, courts are bound by those findings,

even if they would have decided the factual inquiry differently).  In an

adequately developed factual record, substantial evidence may be

"something less than the weight of the evidence, and the possibility of

5

drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence."  Consolo, 383 U.S. at 620.

Substantial evidence exists only "in relationship to all the other evidence in the record," Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981) and "must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1971). "When a conflict in the evidence exists, the ALJ may choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason.'" Plummer, 186 F.3d at  429 (quoting Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir. 1993)).  The Commissioner must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence.  Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 204 (3d Cir. 2008).  Therefore, a court reviewing the decision of the Commissioner must scrutinize the record as a whole.  Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

**Discussion**

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any **substantial gainful activity** by reason of any medically determinable physical or mental impairment which can be

6

expected to result in death or which has lasted or can be expected to last

for a continuous period of not less than 12 months."  42 U.S.C.

§ 423(d)(1)(A) (emphasis added).  An individual is incapable of engaging

in "substantial gainful activity" when "his physical or mental impairment or

impairments are of such severity that he is not only unable to do his

previous work but cannot, considering his age, education, and work

experience, engage in any other kind of substantial gainful work which

exists in the national economy[.]"  42 U.S.C. § 423(d)(2)(A).

The Commissioner evaluates disability insurance claims with a

five-step sequential analysis.  20 C.F.R. §§ 404.1520(a)(4).  This analysis

requires the Commissioner to consider, in sequence, whether a claimant

(1) is engaging in substantial gainful activity; (2) has an impairment, or

combination of impairments, that is severe; (3) has an impairment or

combination of impairments that meets or equals the requirements of a

"listed impairment"; (4) has the "residual functional capacity" to return to

his or her past work; and (5) if not, whether he or she can perform other

work in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(I)-(v).  Prior to

addressing step four, the ALJ must determine the claimant's residual

functional capacity.  20 C.F.R. §§ 404.1520(a)(4)(iv).  A plaintiff's residual

functional capacity is "the most [the plaintiff] can still do despite [his]

limitations." 20 C.F.R. § 404.1545(a)(1).  If the claimant has the residual

functional capacity to do his or her past relevant work, the claimant is not

disabled.

In applying the five-step sequential analysis in the instant case, the

ALJ found the following: Step 1- plaintiff had not engaged in substantial

gainful activity since December 31, 2009.  (R. at 97); Step 2- plaintiff has

the following severe impairments: status-post surgical repair of left

meniscal tear with contracture (limited range of motion) and lumbar

radiculopathy.[2]  (R. at 97-98); and Step 3- plaintiff does not have an

impairment or combination of impairments that meets or medically equals

the severity of one of the listed impairments.  (R. at 98).

The ALJ next determined plaintiff has the residual functional

capacity (hereinafter "RFC")  to:

> perform light work . . . involving lifting no more than
> 20 pounds at a time with frequent lifting or carrying
> of objects weighing up to 10 pounds.  The claimant
> is limited to occupations that require no more than
> occasional postural maneuvers, such as balancing,
> stooping, kneeling, crouching, crawling and

───────────────

[2]  The ALJ determined that plaintiff's history of hypertension, mild
anemia, mild neutropenia, enlarged prostate and smoldering multiple
myeloma were medically determinable but non-severe because the
objective medical evidence failed to establish that these conditions caused
any more than a minimal degree of limitation.  (R. at 97-98).

climbing on ramps and stairs.  The claimant must avoid occupations that require climbing on ladders, ropes and scaffolds.  The claimant is limited to occupations that require no more than occasional pushing and pulling with the left lower extremity, including the operation of pedals.  The claimant must avoid concentrated, prolonged exposure to cold temperatures, vibration, and extreme dampness and humidity.

(R. at 98).  The ALJ then proceeded to Step 4 of the sequential evaluation and received testimony from an impartial vocational expert (hereinafter "VE").

The VE testified that plaintiff's mail room supervisor position is generally performed as a light, skilled position.  (R. at 44-45).  The VE also determined that plaintiff's mail room supervisor position was actually performed at the medium exertion level, which was reduced to the sedentary exertion level after plaintiff was placed on light duty.  (R. at 46-48).  Specifically, plaintiff testified that while on "light duty" he spent most of his day sitting at a desk with some standing and walking, but he was not required to lift anything over ten (10) pounds.  (R. at 37-38).  Based on the objective medical evidence and the hearing testimony, the ALJ concluded at Step 4 that plaintiff is capable of performing his past relevant work as a mail room supervisor.  (R. at 101-102).  Thus, the ALJ determined plaintiff was not disabled.  (R. at 102).

Plaintiff's appeal was assigned to Magistrate Judge Schwab for a report and recommendation.  Judge Schwab recommends affirming the defendant's decision denying plaintiff's disability insurance claim.  (Doc. 18).  Plaintiff filed objections to the R&R (Doc. 19), and they are ripe for disposition.

Plaintiff raises the following objections: (1) the R&R ignores the ALJ's determination that the plaintiff suffered from severe impairments; (2) the R&R fails to address plaintiff's multiple myeloma; (3) the R&R does not accord proper weight to plaintiff's treating physicians; (4) the R&R incorrectly determines that plaintiff's age is not a factor which must be considered when determining whether plaintiff is able to perform his past relevant work; (5) the R&R fails to give proper weight to plaintiff's credibility in light of his lengthy work history; and (6) the R&R ignores relevant testimony from the vocational expert.  The court will address plaintiff's objections *in seriatim*.

## I.  Plaintiff's severe and non-severe impairments

Plaintiff first claims that the magistrate judge ignored his severe and non-severe impairments.  The R&R, however, clearly addresses plaintiff's impairments.  The Magistrate Judge indicates that plaintiff has the following severe impairments: status-post surgical repair of left meniscal

tear with contracture (limited range of motion) and lumbar radiculopathy. (Doc. 18, R&R at 6).  The Magistrate Judge also discusses the ALJ's determination that plaintiff's history of hypertension, mild anemia, mild neutropenia, enlarged prostate and smoldering multiple myeloma were medically determinable but non-severe because the objective medical evidence failed to establish that these conditions caused any more than a minimal degree of limitation in plaintiff's ability to perform work-related activities.  (Id.)

Moreover, the ALJ's RFC analysis addresses plaintiff's severe and non-severe impairments.  (R. at 49, 98-99).  The ALJ determined that, in spite of plaintiff's severe and non-severe impairments, he had the RFC to perform light work limited to occupations that require no more than occasional postural maneuvers, such as balancing, stooping, kneeling, crouching, crawling and climbing on ramps and stairs.  (R. at 98).  Plaintiff must avoid occupations that require climbing on ladders, ropes and scaffolds and is limited to occupations that require no more than occasional pushing and pulling with the left lower extremity, including the operation of pedals.  (Id.)  Accordingly, plaintiff's objection will be overruled because the R&R and ALJ discussed plaintiff's severe and non-severe impairments.

11

## II. Plaintiff's multiple myeloma

Plaintiff next contends that the R&R ignores the fact that plaintiff was suffering from multiple myeloma cancer at the time the ALJ issued her decision.  Alternatively, plaintiff claims that the newly acquired evidence of his cancerous myeloma warrants remand.  After careful consideration, the court disagrees.

The objective medical evidence establishes that plaintiff was not suffering from multiple myeloma cancer when the ALJ issued her decision on December 13, 2011.  In a letter dated September 1, 2011, Dr. Redmond, plaintiff's oncologist, determined that the best course of treatment was to watch plaintiff's multiple myeloma, recognizing that plaintiff may develop multiple myeloma cancer over the next five years. (R. at 270).  In a follow-up appointment four months later on January 10, 2012, one month **after** the ALJ's decision, Dr. Redmond noted that plaintiff is asymptomatic . . . [and] has a high level of function and activity. (R. at 276).  Because plaintiff's follow-up appointment with Dr. Redmond occurred a month after the ALJ's decision, the objective medical evidence establishes that plaintiff's smoldering multiple myeloma was not severe at

the time of the ALJ's decision.[3]

Alternatively, plaintiff argues that the newly acquired evidence pertaining to his cancerous myeloma compels remand.  Specifically, plaintiff submitted a letter from Dr. Redmond dated November 29, 2012 to the Appeals Council indicating that plaintiff was receiving chemotherapy for multiple myeloma cancer.  (R. at 7-8).  The Appeals Council determined that this information was not a basis for remand because it did not affect the decision of whether he was disabled on or before the date of the ALJ's decision–December 13, 2011.  After careful consideration, the court agrees with the Appeals Council's determination.

The Third Circuit Court of Appeals has determined that evidence submitted **after the ALJ's decision** cannot be used to argue that the administrative law judge's decision is not supported by substantial evidence.  Matthews v. Apfel, 239 F.3d 589, 594-95 (3d Cir. 2001) (emphasis added).  Such evidence can only be considered to determine whether a basis for remand exists under sentence 6 of 42 U.S.C. § 405(g).  Szubak v. Sec'y of Health & Human Servs., 745 F.2d 831, 833

---

[3] Moreover, plaintiff's council admitted that plaintiff's only severe medical conditions as of the date of the ALJ hearing involved plaintiff's back and knee.  (R. at 29).

13

(3d Cir. 1984).

Sentence 6 states that "[t]he court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  42 U.S.C. § 405(g). Under sentence 6, the evidence must be "new" and "material" and a claimant must show "good cause" for not having incorporated the evidence into the administrative record.  Id.  Further, "the new evidence [must] relate to the time period for which benefits were denied, and . . . not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition."  Id.

In the instant case, plaintiff's "new" evidence, records of multiple myeloma cancer, does not relate to the time period for which benefits were denied because it was the deterioration of a previously non-disabling condition and, consequently, it is not material.  As stated in the Appeals Council's denial letter, plaintiff has the option to file a new application for disability benefits based on this alleged new evidence.  Therefore, plaintiff's objection on this issue will be overruled.

14

### III.  Plaintiff's treating physicians

Plaintiff argues that the Magistrate Judge failed to assign the greatest weight possible to his treating physicians' opinions–Drs. Eisenberg and Langman.  The Third Circuit Court of Appeals recognizes that the "opinions of a claimant's treating physician are entitled to substantial and at times even controlling weight."  <u>Fargnoli</u>, 247 F.3d at 43.  A treating physician's report should be accorded great weight "when the opinion reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time."  <u>Pododworny v. Harris</u>, 745 F.2d 210, 217 (3d Cir. 1984); 20 C.F.R. § 404.1527(c)(2)(I).

The treating source's opinion is entitled to controlling weight, however, "only when it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record . . . .'"  <u>Johnson</u>, 529 F.3d at 202 (quoting 20 C.F.R. 404.1527(c)(2)).  When the treating physician's opinion conflicts with a non-treating, non-examining physician's opinion, the ALJ may choose whom to credit in his or her analysis, but "cannot reject evidence for no reason or for the wrong reason."  <u>Morales v. Apfel</u>, 225 F.3d 310, 317 (3d Cir. 2000).

In choosing to reject the evaluation of a treating physician, an ALJ

15

may not make speculative inferences from medical reports and may reject

treating physician's opinions outright only on the basis of contradictory

medical evidence.  Id. at 317 (citations omitted).  An ALJ may not reject a

written medical opinion of a treating physician based on his or her own

credibility judgments, speculation or lay opinion.  Id.

In the instant case, plaintiff contends that his treating physicians,

Drs. Eisenberg and Langman, determined that his knee and back pain

rendered him totally and permanently disabled.  (R. at 247-51).  Plaintiff

asserts that both the ALJ and Magistrate Judge failed to assign the

greatest weight possible to these opinions.

The ALJ assigned little weight to Drs. Eisenberg and Langman's

opinions for three reasons.  First, clinical observations, objective

diagnostic testing or diagnostic imaging do not support Drs. Eisenberg

and Langman's opinions.  (R. at 100-01).  In fact, the only objective

diagnostic test regarding plaintiff's back indicated that plaintiff's back had

normal muscle tone and bulk with full power, sensation and reflexes.  (R.

at 100, 258).  Second, the record fails to establish how long Drs.

Eisenberg and Langman treated plaintiff.  Dr. Langman submitted two

letters, not treatment notes, regarding plaintiff's care, and in his first letter

referred to plaintiff as a female, not male.  (R. at 247-48).  Additionally, Dr.

16

Eisenberg's medical source statement is undated and gives no indication of how long he treated plaintiff.  (R. at 249-51).

Third, Dr. Vrabec, the state agency consultative examiner, assessed plaintiff on September 9, 2010 and determined that plaintiff had chronic lower back pain and knee pain.  (R. at 239-40).  Dr. Vrabec observed, however, that plaintiff could ambulate normally with a single-prong cane, transfer in and out of a chair without difficulty and had full range of motion in his shoulders, elbows, wrists, knees, hips, cervical spine and lumbar spine.  (R. at 235-42).  Further, Dr. Vrabec noted that **if** plaintiff's symptoms had been severe enough to cause him significant pain, more aggressive physical therapy and pain management should have been given.  (Id.)  In short, the objective medical evidence substantiates the ALJ's determination that Drs. Eisenberg and Langman's opinions were not to be given controlling weight.  Therefore, plaintiff's objection on this issue will be overruled.

## IV.  Plaintiff's age

As previously stated, the ALJ determined at Step 4 that plaintiff is capable of performing his past relevant work as a mail room supervisor. (R. at 101-102).  Plaintiff does not object to this specific conclusion. Rather, plaintiff asserts that the ALJ and magistrate judge failed to

17

consider his age, sixty-four (64) years old, when determining whether he can perform his past relevant work at Step 4.  The court disagrees.

Age is a consideration **only** at Step 5 of the sequential evaluation–whether plaintiff can perform other work in the national economy.  Here, the ALJ did not reach Step 5 because the ALJ determined at Step 4 that plaintiff was capable of performing his past relevant work as a mail room supervisor.  At Step 4, an ALJ **is not** required to consider plaintiff's vocational factors of age, education and work experience when the ALJ determines the plaintiff can perform his past relevant work.  See 20 C.F.R. § 404.1560(b)(3) (stating that "[i]f we find that you have the residual functional capacity to do your past relevant work, we will determine that you can still do your past work and are not disabled.  We **will not** consider your vocational factors of age, education, and work experience or whether your past relevant work exists in significant numbers in the national economy.") (emphasis added).  Ergo, the ALJ was not required to consider plaintiff's age at Step 4 and his objection will be overruled.

**V.  Plaintiff's credibility in light of his lengthy work history**

Next, plaintiff argues that the R&R fails to assign proper weight to his credibility in light of his thirty-year work history.  "When a claimant has

18

worked for a long period of time, [his] testimony about [his] work

capabilities should be accorded substantial credibility." Rieder v. Apfel,

115 F. Supp. 2d 496, 505 (M.D. Pa. 2000) (citing Dobrowolsky v. Califano,

606 F.2d 403, 409 (3d Cir. 1979)).  Prior work experience is, however, one

of many factors an ALJ must consider in assessing the credibility of a

claimant's subjective complaints of disabling pain.  20 C.F.R.

§ 404.1529(c)(3).  Additional factors include: plaintiff's daily activities, the

location, duration, frequency and intensity of the pain and other factors

concerning plaintiff's functional limitations and restrictions due to pain.  20

C.F.R. § 404.1529(c)(3)(i), (ii) and (vii).

    In the instant case, the ALJ addressed plaintiff's complaints of

constant pain.  She noted that the objective medical evidence failed to

support plaintiff's assertions regarding the intensity, persistence and

limiting effects of his pain.  (R. at 99-101).  Specifically, in December

2007, the ALJ noted that the claimant underwent arthroscopic surgery for

his knee and received postoperative physical therapy, medication and the

use of a cane.  (R. at 99).  Subsequent follow-up appointments with his

orthopedic surgeon in 2008-2010 indicated that plaintiff had a good result

with his knee.  (R. at 99, 193-221).  Plaintiff's gait was normal, he was

able to squat to 70 degrees, ascend and descend independently and had

only some slight atrophy to his left knee. (Id.)

The ALJ also observed that the objective medical evidence failed to substantiate plaintiff's allegations of pain regarding his back.  (R. at 99-101).  The only objective diagnostic test regarding plaintiff's back indicated that plaintiff's back had normal muscle tone and bulk with full power, sensation and reflexes.  (R. at 100, 258).  Additionally, Dr. Vrabec observed that plaintiff could ambulate normally with a single-prong cane, transfer in and out of a chair without difficulty and had full range of motion in his shoulders, elbows, wrists, knees, hips, cervical spine and lumbar spine.  (R. at 235-42).  Further, Dr. Vrabec noted that **if** plaintiff's symptoms had been severe enough to cause him significant pain, more aggressive physical therapy and pain management should have been given.  (Id.)  In short, the objective medical evidence supports the ALJ's determination that plaintiff's statements regarding the intensity, persistence and limiting effects of his symptoms were not credible. Therefore, plaintiff's objection will be overruled.

## VI.  The vocational expert's testimony

Plaintiff's final objection is that the magistrate judge ignored the VE's determination that the plaintiff could not perform his past relevant work. Plaintiff misrepresents the VE's testimony.

Initially, the VE testified that a hypothetical claimant who has the same age, education, and work experience as the plaintiff with the residual functional capacity to perform work that is no more than the medium exertional level could perform plaintiff's past work.  (R. at 48-49). The VE also testified that the same hypothetical claimant with the residual functional capacity to perform work at the light exertional level could also perform plaintiff's past relevant work.  As such, the VE's testimony supports the ALJ's conclusion that, at Step 4, plaintiff had the ability to perform his past relevant work and, therefore, was not disabled.

Plaintiff asserts that the ALJ's third hypothetical question to the VE demonstrates that plaintiff could not perform his past relevant work.  In the third hypothetical, the ALJ asked the VE to assume that the same hypothetical claimant would be off task for more than 30% of the work day due to chronic pain.  (R. at 51).  The VE responded that this hypothetical claimant would not be able to perform plaintiff's past relevant work.

In the instant case, plaintiff did not allege, and the objective medical evidence does not support, the assertion that plaintiff would be off task 30% of the work day due to chronic pain.  Rather, plaintiff reported that he had no trouble paying attention or completing tasks.  (R. at 179).  As such, the court will overrule plaintiff's objection.

21

**Conclusion**

For the above-stated reasons, we find that substantial evidence supports the ALJ's decision denying plaintiff disability insurance benefits. Thus, we will overrule plaintiff's objections, adopt the R&R and deny plaintiff's appeal.  An appropriate order follows.

**Date:   10/02/2014**                          **s/ James M. Munley**
                                                **Judge James M. Munley**
                                                **United States District Court**